ALBERT W. SMITH *vs.* SAMUEL PORTER.

A grant of " liberty to pass and repass over my land where it is necessary," confers a right
of way to and from those lands only which the grantee owns at the date of the deed;
and the burden of proof is on him and those claiming under him, if sued as trespassers,
to show what those lands were.
The date of a deed is *prima facie* evidence of the time of its execution.

ACTION OF TORT for breaking and entering the plaintiff's
close. Answer, a right of way over the close. Trial and ver-
dict for the plaintiff in the court of common pleas before *Mel-
len*, C. J., to whose rulings the defendant alleged exceptions, the
substance of which appears in the opinion.

*D. Roberts*, for the defendant.

*J. A. Gillis*, for the plaintiff.

MERRICK, J. It appears from the statements in the bill of
exceptions, and by reference to the plan used at the argument,
which, it is agreed, designates, with sufficient accuracy for the
purpose of the present inquiry, the location and boundaries of
the adjoining estates belonging to the parties, that the defendant
is the owner of two lots or parcels of land, separated from each
other by intervening lands belonging partly to Giddings and
partly to the plaintiff. One of these lots is bounded upon a
public highway; to the other the defendant has no means of
access, except by passing from the one in front across the ad-
joining land of some other proprietor. For this purpose he
claims that he has a right of way over the plaintiff's land by
virtue of an express grant made to Matthew Whipple, under
whom he claims, by John Whipple, from whom through several

intermediate conveyances the plaintiff derives his title to the estate upon which the alleged trespass was committed.

By his deed dated the 3d of April 1798, John Whipple, being the owner of the land now owned by the plaintiff, granted " to Matthew Whipple, his heirs and assigns forever, liberty to pass and repass over my land where it is necessary." By this conveyance Matthew Whipple acquired a perpetual right of way to and from all the lands of which he was seised and possessed at the date of that deed. It is not pretended, nor could that position have been maintained, if it had been assumed, that this servitude extended to, or could have been availed of by the grantee in connection with, any other lands to which he might subsequently have acquired a title. *Stearns* v. *Mullen*, 4 Gray, 151. And accordingly it became material to ascertain and determine, upon the trial of the present action, whether Matthew Whipple was at the time of that grant an owner of the whole, or of any part of the two lots now belonging to the defendant. The rear lot of the latter evidently consists of land which once constituted two separate parcels, but left lying in common with each other, one of which contained about eighteen acres and the other one and a half acres. Of each of these last named parcels Matthew Whipple was certainly at one time or another the owner; for by his deed dated April 5th 1797 he conveyed the eighteen acre lot to Nathan Poland, who subsequently conveyed it to Dudley Porter, the defendant's father, and by his deed dated March 23d 1808 he conveyed the acre and a half lot to Dudley Porter. But still the question remained whether he owned or had any interest in either of the parcels, when he took the aforementioned grant from his brother John on the 3d of April 1798. The court instructed the jury that upon the issue to be determined by them, the burden of proof was upon the defendant to show affirmatively that Matthew was at that time the owner of one or both of these parcels; and that in the absence of any proof as to the time of the actual delivery of the deed from Matthew Whipple to Poland it would be the presumption of law that it was delivered at its date, and that the title to the estate thus passed from the grantor to the grantee.

The jury having upon the issue submitted to them and upon this question found a verdict for the plaintiff, these instructions were excepted to by the defendant. But they were correct in both particulars. The defendant set up and asserted that he had a right of way over the plaintiff's land. This was in avoidance of the action. If true, it constituted a complete justification of the acts complained of, and was a perfect defence. But to avail himself of it, it was indispensable, according to the well settled rule of law, that he should first establish the truth of his allegations by satisfactory proof; and this, in the particular aspect of the case when the instructions objected to were given, he could only do by showing that Matthew Whipple was the owner of the land referred to on the 3d of April 1798. The burden of proof was therefore necessarily upon him to establish that essential fact. Whatever opinions may have prevailed heretofore, the law is now well settled, that the burden of proof, when it once devolves upon a party, never afterwards, in relation to the same question, shifts, in the progress of the trial, over upon his adversary. *Commonwealth* v. *McKie*, 1 Gray, 61. *Burnham* v. *Allen*, 1 Gray, 496. *Crowninshield* v. *Crowninshield*, 2 Gray, 524. *Alden* v. *Pearson*, 3 Gray, 342. *Phelps* v. *Cutler*, 4 Gray, 137. *Commonwealth* v. *Daley*, 4 Gray, 209.

All deeds and contracts ought regularly to be dated on the day of their execution. This is important for a great variety of purposes. The rights of the contracting parties are not unfrequently made to depend upon an accurate statement of time. Accordingly it is found by experience that in the prudent management of affairs this rule is commonly recognized as useful and observed with care. And this being at once the usual and proper manner of conducting a transaction of this kind, it may well be considered reasonable and safe to conclude, in any particular instance, where there is no other evidence upon the subject, that any legal instrument by which property is conveyed was completed on the day on which it bears date. The principle, *omnia presumunter rite acta*, is not confined merely to official proceedings, or the doings of public bodies, but has been extended to acts of private individuals, especially when they

Smith *v*. Porter.

are of a formal character, as writings under seal. 1 Phil. Ev. (8th ed.) 470. The instruction of the court respecting the effect to be given to the deed of Matthew Whipple to Nathan Poland was in conformity to this rule, and adapted to the state of the evidence upon which it was called for. It is of little importance that the deed was not acknowledged on the same day on which it purports to have been executed, but on the 17th of January 1806. It is well known that in this commonwealth the title to land, followed by a corresponding seisin and possession, often passes by instruments of conveyance which are not duly acknowledged; and accordingly the law will not allow a title to fail on account of such omission, but has made suitable provision for supplying the defect of an acknowledgment, where it is found to exist. Rev. Sts. *c.* 59, § 14.

It is wholly unnecessary to consider whether the instructions given by the court, or asked for by the counsel for the defendant, respecting a right of way by necessity, were correct; because there was no evidence in the case, which could possibly give occasion for their application. It does not appear that the plaintiff, or any person under or from whom he derives his title to the land over which the right of way is claimed, ever owned, conveyed or had any interest in the whole or any part of the estate of the defendant. As against the plaintiff, therefore, there was no pretence for asserting that the right contended for could be acquired by operation of law as a way of necessity.

*Exceptions overruled.*